UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Case # 17-CR-192-FPG

DECISION AND ORDER

ODESSIN MCBRIDE,

Defendant.

## BACKGROUND

On March 4, 2019, Defendant Odessin McBride filed a *pro se* motion seeking a recommendation from the Court regarding the length of his placement in a residential reentry center ("RRC"). ECF No. 41. Following Defendant's guilty plea, the Court sentenced Defendant to be imprisoned for a total term of forty-eight months. ECF Nos. 26, 38, 39. His current release date is November 10, 2020. Defendant asks the Court to recommend that the Bureau of Prisons ("BOP") place Defendant in an RRC facility for the remainder of his sentence. Defendant cites several factors that he claims demonstrate he has a high risk of recidivism and would accordingly benefit from placement in an RRC facility: his "substantial record of prior arrests;" his "entrepreneurial" employment history; lack of traditional employment opportunities; and several other factors. ECF No. 41 ¶¶ 7, 9, 12. He further argues that, at thirty-nine years old, he is young enough to benefit from reintegration into society and that RCC placement would aid his reintegration. *Id.* ¶¶ 8, 10–11.

## DISCUSSION

"The [BOP] has exclusive authority to designate the facility where prisoners will serve a sentence and to order a transfer from one facility to another." *United States v. Venkataram*, No.

06-CR-102, 2016 WL 11448569, at *2 (S.D.N.Y. Dec. 12, 2016) (quotation omitted). In deciding where to house an inmate, the BOP is required to weigh a number of considerations, including "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4); *see also* 18 U.S.C. § 3624(c)(1) ("The Director of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a [RRC].").[1] Defendant is not arguing that the BOP failed to weigh these considerations. Instead, Defendant is asking the Court to recommend that he be placed in a specific type of correctional facility, an RRC, more commonly known as a halfway house. ECF No. 41.

Although the Court has no objection to Defendant's placement in an RRC, particularly given the ongoing global pandemic, the Court "declines . . . to independently recommend such a placement." *Venkataram*, 2016 WL 11448569, at *2. Other courts in this Circuit have declined to issue such recommendations under similar circumstances. *United States v. Henderson*, No. 15-CR-487, 2019 WL 1460402, at *2–3 (S.D.N.Y. Mar. 18, 2019) (declining to issue recommendation where the defendant did not cite specific rehabilitative programing available in an RRC and did not cite information that the court had not already considered at sentencing); *United States v. Accardi*, No. 11-CR-12, 2013 WL 1903559, at *1 (S.D.N.Y. May 7, 2013) (declining to issue recommendation because "laws and regulations governing the placement of prisoners within the BOP system grant the BOP broad discretion over inmate placement, and permit the BOP to make

---

[1] Although 18 U.S.C. § 3624(c)(1) refers specifically to community correctional facilities, an RRC is a form of community correctional facility. *United States v. Henderson*, No. 15-CR-487, 2019 WL 1460402, at *2 n.2 (S.D.N.Y. Mar. 18, 2019).

placement decisions in light of available resources" (quotation omitted)); *United States v. Dove*, No. 95-CR-232, 2012 WL 13186384, at *1 (N.D.N.Y 2012) (declining to issue recommendation where defendant claimed he needed halfway house placement "in order to secure housing, employment and re-establish his ties with family and the community"). Although the Court would consider issuing such a recommendation in a particularly compelling case, the BOP is generally in a better position to determine whether the Defendant is suitable for such a placement. In this case, Defendant has not cited any considerations that are particular to his situation and not generally applicable to large swaths of the prison population.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion Requesting a Judicial Recommendation Concerning Length of RRC/Halfway House Placement, ECF No. 41.

IT IS SO ORDERED.

Dated: April 17, 2020
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court